## Thompson *et al. v.* Raymon *et al.*

An affidavit for an attachment against an absconding debtor must state that the ordinary process of law cannot be served upon him.

A judgment against a surety in a replevin bond, can only be had by action on the bond, or by proceeding by *scire facias.*

The court for the correction of errors will not dismiss an attachment when there is no plea or motion to quash in the court below.

IN ERROR from the circuit court of the county of Adams.

BAKER, for plaintiffs in error, cited How. & Hutch. 548-9, 298, 550; 11 Wend. R. 652; 15 J. R. 141; 19 ibid. 33; 4 Peters, 474; 10 ibid. 161; 1 Dev. 187.

DUNLAP *contra.*

Mr. Justice CLAYTON delivered the opinion of the court.

This was an attachment sued out by the appellees against Thompson, one of the appellants, for the sum of seven hundred and seventy dollars. The affidavit simply states that "Thompson is removing out of the state of Mississippi," and does not aver that the ordinary process of law could not be served on him. The defendant, Thompson, gave bond, with Bledsoe as his surety, with condition to appear at the court and abide by and perform its order and judgment, and thus replevied the property. At the term to which the attachment was returnable, the plaintiffs entered a default against Thompson, and obtained judgment against him and his surety in the replevin bond, for the amount of their debt. This writ of error is brought to revise that judgment.

The whole proceedings are erroneous. The affidavit does not contain the most material and important averment which pertains to suits of this kind: that the ordinary process of law could not

Thompson *et al. v.* Raymon *et al.*

be served on the defendant.  Without this, there is no ground for the attachment.

The judgment rendered against the defendant and his surety in the replevin bond, jointly, at the return term of the attachment, without any direct proceeding upon the bond, is also erroneous. The bond could only be made the foundation of a judgment, by an action upon it, either of debt or by *scire facias*, in which the surety was a party.

For these errors the judgment will be reversed, but the attachment will not be dismissed, because no objection was made to it in the court below, either by plea in abatement or motion to quash. The defendant, after having given bond, suffered judgment to go by default, this court will not now dismiss for an error in the affidavit, to which no exception was taken in the circuit court. It might be different if no bond for appearance had been given.

Judgment reversed.